UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE DENNIS JONES,<br><br>   Petitioner,<br><br>   v.<br><br>KIMBERLY A. SEIBEL, Warden,<br><br>   Respondent. | Case No. 16-cv-06193-MEJ (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING WITHOUT PREJUDICE MOTION FOR STAY; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 4, 5 |

Joe Dennis Jones, a state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. Petitioner has also filed a motion to stay his federal petition while he exhausts his remedies in state court.

**BACKGROUND**

The petition provides the following information: In 2011, a Monterey County jury found petitioner guilty of forcible rape and forcible oral copulation. He was sentenced to 16 years in state prison. Petitioner appealed. In 2013, the California Court of Appeal affirmed the judgment, and the California Supreme Court denied review. On October 26, 2016, petitioner filed the instant federal petition.

**DISCUSSION**

**A.    Review of Petition**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

1   appears from the application that the applicant or person detained is not entitled thereto." 28

2   U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are

3   vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*,

4   908 F.2d 490, 491 (9th Cir. 1990).

5          As grounds for federal habeas relief, petitioner claims: (1) trial court error in applying the

6   mistake of fact defense regarding consent, as shown by new evidence; (2) trial court error in

7   interpretation of the facts as to false offering of a job, as shown by new evidence; (3) appellate

8   court error, as shown by new evidence; (4) insufficient evidence on count 7; (5) insufficient

9   evidence on count one; (6) prosecutorial misconduct; (7) ineffective assistance of trial counsel;

10  (8) ineffective assistance of appellate counsel; (9) judicial misconduct; (10) illegally obtained

11  warrant; and (11) trial court error in sentencing petitioner to the upper-term without a hearing.

12         The petition is insufficiently clear to allow the court to determine what issues petitioner

13  intends to raise.  As to the first three claims, petitioner does not identify the purported new

14  evidence and does not provide supporting facts describing what happened at trial or on appeal

15  giving rise to the claim.  As to claims 4-11, petitioner only provides labels purportedly describing

16  a claim and again without any background facts.  Without an understandable description of the

17  nature of each federal claim and the facts in support of it, the Court cannot determine whether

18  petitioner has any claims for relief that the Court can entertain in a federal habeas action.  That

19  same lack of information means that the petition would not give respondent fair notice of

20  petitioner's claims so that he could prepare a meaningful response.

21         Petitioner will be given leave to amend to clarify what his claims are.  He must list his

22  claims clearly and concisely on the court's habeas form or on a limited number of attached pages

23  if more room is necessary.  Each claim must concisely and clearly assert a separate violation of

24  federal law, and include a brief explanation as to how the violation occurred.

25  **B.   Motion for Stay**

26         Petitioner has also moved to stay these proceedings and hold his petition in abeyance so

27  that he may exhaust state court remedies for certain claims.  Petitioner states that he has filed a

28  state habeas petition in superior court asserting claims that were not previously raised on direct

appeal and that the petition remains pending.

In *Rhines v. Weber*, 544 U.S. 269 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. *Rhines*, *supra*, at 277-78.

If petitioner wishes to stay this action, he shall file a motion addressing the *Rhines* factors. In the alternative, petitioner may file a motion for a stay pursuant to the three-step procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).[1] A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause, as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43 (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the *Kelly* three-part procedure but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing). However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.[2]

The motion for a stay is dismissed without prejudice. Petitioner may file an amended motion addressing the standards set forth above.

---

[1] "Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d at 1134 (citing *Kelly*, 315 F.3d at 1070-71).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

**CONCLUSION**

1. Petitioner's motion to proceed in forma pauperis (Docket No. 5) is GRANTED.

2. The petition is DISMISSED with leave to amend in accordance with the standards set forth above. The amended petition must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order (16-6193 MEJ (PR) and the words AMENDED PETITION on the first page. In addition to setting forth clearly and concisely the basis for each claim, the amended petition must set forth any exhausted claims petitioner wishes to present as well as the unexhausted claims that he seeks to exhaust. **Failure to amend within the designated time will result in the dismissal of this action.**

3. The motion for a stay is DISMISSED without prejudice to re-filing, in accordance with the standards set forth above. If petitioner seeks to stay this action pending exhaustion of additional claims, he must file an amended motion to stay within **twenty-eight (28) days** of the date this order is filed.

4. The Clerk shall send petitioner a blank habeas petition form.

5. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

This order terminates Docket Nos. 4 and 5.

**IT IS SO ORDERED.**

Dated: December 16, 2016

MARIA-ELENA JAMES
United States Magistrate Judge