UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE DENNIS JONES,<br><br>    Petitioner,<br><br>    v.<br><br>KIMBERLY A. SEIBEL, Warden,<br><br>    Respondent. | Case No. 16-cv-06193-MEJ (PR)<br><br>**PARTIAL DISMISSAL ORDER;**<br>**ORDER TO SHOW CAUSE** |

Petitioner, a prisoner currently incarcerated at Chuckawalla Valley State Prison, has filed a pro se amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Monterey County Superior Court. For the reasons state below, the court dismisses one claim and orders respondent to show cause why a writ of habeas corpus should not be granted as to the others.

**BACKGROUND**

According to the petition, in early 2011, Petitioner was convicted of one count of forcible rape and one count of forcible oral copulation. He was sentenced to sixteen years in state prison. On December 17, 2013, the California Court of Appeal affirmed his conviction. His petition for review was denied by the California Supreme Court. The United States Supreme Court denied certiorari. The instant action was filed on October 26, 2016.

**DISCUSSION**

**A.   Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose

v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal habeas relief, Petitioner claims that: (1) both the trial court and state appellate court misapplied state law on Petitioner's mistake of fact defense regarding consent; (2) trial counsel rendered ineffective assistance by failing to object to the above error; and (3) there was insufficient evidence of force or fear to support Petitioner's conviction for forcible oral copulation.

Petitioner's first claim is not cognizable because it does not allege a violation of federal law.  A writ of habeas corpus is available under 28 U.S.C. § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)).  It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle, 456 U.S. at 119.  Accordingly, Claim 1 is DISMISSED without leave to amend.  Liberally construed, Petitioner's remaining claims are sufficient to require a response.  The Court orders Respondent to show cause why the amended petition should not be granted as to Claims 2 and 3.

**CONCLUSION**

1.     The Clerk shall serve by mail a copy of this order and the amended petition and all attachments thereto (Docket No. 8), as well as a magistrate judge jurisdiction consent form, upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on Petitioner.

2.     Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted

based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3. Respondent may file, within **sixty (60)** days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: March 29, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge